Glen WILLIAMS, Appellant,

v.

BANK OF NEW YORK MELLON,
Trustee, Appellee.

No. 05–09–00710–CV.

Court of Appeals of Texas,
Dallas.

June 30, 2010.

Michael Brinkley, Brinkley Law PLLC, Ft. Worth, TX, for Appellant.

Jack O'Boyle, Jack O'Boyle and Associates, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MYERS.

## OPINION

Opinion By Justice MYERS.

Glen Williams appeals the trial court's judgment awarding possession of real estate to Bank of New York Mellon, Trustee. Appellant brings one "point of error" asserting the trial court erred in granting judgment for appellee because the deed tendered to the court by appellee was not sufficient to support a prima facie claim of title. We affirm the trial court's judgment.

## BACKGROUND

In 2005, appellant borrowed $80,000, secured by a deed of trust on his house. The deed of trust provided that if appellant defaulted, the trustee could sell the property. The deed of trust also stated that if appellant did not surrender possession of the property after it was sold, he "shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." In 2009, the property was posted for foreclosure and was sold to appellee at public auction. Appellee received a substitute trustee's deed for the property. After the foreclosure auction, appellee sent appellant and the other residents of the property notice that they were tenants at sufferance and that appellee demanded they vacate the property within three days. The notice informed the residents that a forcible detainer action would be filed in a few days seeking a writ of possession. Appellant and the other residents did not vacate the property, and appellee filed a petition for forcible detainer in the justice court. The justice court ruled that appellee was entitled to possession of the premises. Appellant appealed the ruling to the county court at law. After a trial de novo, the county court at law ordered that appellee have judgment of possession against Williams and all other residents of the property. Appellant now appeals the county court at law's decision.

## FORCIBLE DETAINER ACTIONS

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). It is intended to be a

speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex.R. Civ. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Rice,* 51 S.W.3d at 709. Whether a sale of property under a deed of trust is invalid may not be determined in a forcible detainer but must be brought in a separate suit. *Scott,* 127 Tex. at 35, 90 S.W.2d at 818–19; *Rice,* 51 S.W.3d at 710.

■ In his sole issue, appellant contends the trial court erred in rendering judgment against him because the deed tendered to the court by appellee was not sufficient to support a prima facie claim of title.

Section 51.002(d) of the property code requires a mortgage servicer serve a debtor in default with notice of default giving the debtor at least twenty days to cure the default. Tex. Prop.Code Ann. § 51.002(d) (Vernon Supp. 2009). Section 51.002(e) states, "the affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* § 51.002(e). In this case, an affidavit of an employee of the mortgage servicer's law firm's subsidiary stated,

> To the best of my knowledge and belief, proper notice of default was served prior to acceleration of the indebtedness. All obligations and duties of the Mortgage Servicer were performed in the manner required by law and all notices were served on each debtor at the last know address of each such debtor.

(Emphasis added.) Appellant asserts that because the statement was made "[t]o the best of my knowledge and belief," the statement is invalid because it was not based on unqualified personal knowledge. *See Ryland Group v. Hood,* 924 S.W.2d 120, 122 (Tex.1996). Thus, appellant argues, appellee did not show there was compliance with section 51.002(d) of the property code, and the substitute trustee's deed was not sufficient, on its face, to support a prima facie claim of superior right to possession.

In this case, appellee proved its right to possession of the property by presenting in evidence the substitute trustee's deed, the deed of trust, and notice to appellant and the other residents of the property to vacate. The substitute trustee's deed showed appellee purchased the property in a public auction following appellant's default on the deed of trust. The deed of trust showed appellant was a tenant at sufferance when he did not vacate the property after appellee purchased it. The notice to vacate informed appellant of his tenant-at-sufferance position and appellee's requirement that he vacate the property. This evidence was sufficient to establish appellee's right to immediate possession of the property. *See Mitchell v. Citifinancial Mortg. Co.,* 192 S.W.3d 882, 883 (Tex.App.-Dallas 2006, no pet.); *Powelson v. U.S. Bank Nat'l Ass'n,* 125 S.W.3d 810, 812 (Tex. App.-Dallas 2004, no pet.).

■ Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action. *See Scott,* 127 Tex. at 35, 90 S.W.2d at 818; *Rice,* 51 S.W.3d at 710–11. Accordingly, we hold

the trial court did not err in granting judgment for appellee. We overrule appellant's sole issue.

We affirm the trial court's judgment.