

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00428-CV

WELLS FARGO BANK, N.A.                                          APPELLANT

V.

KIM YOUNG AND ALL                                              APPELLEE
OCCUPANTS OF 289 CR 4764,
BOYD, TEXAS 76023

----------

### FROM THE COUNTY COURT AT LAW OF WISE COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Wells Fargo Bank, N.A. appeals the trial court's award of possession of the 289 County Road 4764, Boyd, Texas residence to appellees Kim Young and all occupants. We will reverse the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Prior to the present action, another party—Mortgage Electronic Registration Systems ("MERS")—had brought a forcible detainer action against Young regarding the County Road property. *See Mortgage Elec. Registration Sys. v. Young*, No. 02-08-00088-CV, 2009 WL 1564994 (Tex. App.—Fort Worth June 4, 2009, no pet.) (mem. op.). Young asserted the affirmative defense of estoppel and brought a plea to the jurisdiction. *Id.* at *3. Specifically, Young presented deeds conveying the property from MERS to HUD, and then from HUD to Wells Fargo, thereby disputing MERS's ownership of the property. *Id*. At trial, Young also testified that she had attempted to sell the property in 2004 and had been unaware that the sale had not gone through until 2006, when she was notified that the property was then in foreclosure. Young claimed that Wells Fargo had agreed to reinstate the note and send her the paperwork for reinstatement. Young never received the paperwork, but she moved back onto the property anyway and made repairs to it. Despite Wells Fargo's notice, Young refused to vacate, and MERS filed the above-mentioned forcible detainer action against her in the justice court.

The county court entered judgment in favor of Young, and MERS appealed. This court held that because title to the property was in dispute, and because the justice court (and therefore the county court) had no jurisdiction to determine title, it did not have jurisdiction to determine if MERS had a superior

right to immediate possession.  We reversed the judgment of the trial court and rendered judgment dismissing the case.  *Id*. at *5.

Wells Fargo then filed its own forcible detainer action against Young. Young asserted that, based on the dismissal of the forcible detainer action by MERS, Wells Fargo was collaterally estopped from bringing this suit.  The justice court rendered judgment in favor of Wells Fargo.  Young appealed to the county court, which tried the case de novo.  *See* Tex. R. Civ. P. 749, 751.  At trial, Young submitted the trial transcript from the 2009 *Mortgage Elec. Registration Sys.* case, which included evidence that Young, relying on statements made by Wells Fargo that she could avoid foreclosure, made improvements to the property.  The county court entered judgment in Young's favor, finding that based on the facts of the 2009 case, Wells Fargo was estopped from asserting its right to immediate possession against Young.  Wells Fargo now appeals to this court.

## Discussion

## Forcible Detainer

In Wells Fargo's first point, it argues that the trial court erred in failing to grant it possession of the property because the evidence showed that it had a superior right to immediate possession of the property.

In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined.  *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank*, 318 S.W.3d

3

414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Thus, questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit." *Williams*, 315 S.W.3d at 927; *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice*, 51 S.W.3d at 709.

At trial, Wells Fargo presented deeds showing the chain of title from MERS to Wells Fargo, the deed of trust signed by Young, and the notices to vacate sent to Young. This evidence is generally sufficient to establish a superior right of possession. *See*, *e.g.*, *Williams*, 315 S.W.3d at 927 (holding that plaintiff proved its right to possession of the property by presenting the substitute trustee's deed, the deed of trust, and notice to defendant to vacate). However, the trial court also found that "collateral estoppel applie[d] in this case due to the extraordinary facts set forth in [*Mortgage Elec. Registration Sys.*]" and did not award Wells Fargo possession of the property. In its conclusions of law, it stated

> 3. [Young] was entitled to the equitable relief of estoppel against [MERS] in previous [cause].
>
> 4. [Wells Fargo] has a right of possession that is subject to prior legal and equitable flaws in its predecessors' rights of possession.
>
> 5. [Wells Fargo's] right to possession . . . is subject to [Young's] equitable relief of estoppel.

4

6. [Young] is entitled to continue to have the equitable relief of estoppel applied to [Wells Fargo].

Although the trial court's findings of fact and conclusions of law refer to equitable estoppel, the trial judge also noted that it found that collateral estoppel applied as well. Because both theories of estoppel are referenced, and because either theory of estoppel could prevent Wells Fargo from taking possession of the property, we will evaluate both in addressing Wells Fargo's first point.

### Equitable Estoppel

Beginning with Wells Fargo's second point, it argues that the trial court erred by granting judgment for possession in favor of Young on the basis of equitable estoppel. Wells Fargo contends that the sole issue in a forcible detainer action is who has superior right to immediate possession, so the defense of equitable estoppel cannot control the outcome of a forcible detainer action.

While the sole issue in a forcible detainer suit is who has the right to immediate possession of the property, forcible detainer actions are cumulative and not exclusive of other remedies a party might have, and will not bar concurrent suits such as those for damages, wrongful foreclosure, or title defects. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Rice*, 51 S.W.3d at 709. Forcible detainer is designed to be a speedy, simple, and inexpensive means to obtain immediate possession of the property. Tex. R. Civ. P. 746; *Rice*, 51 S.W.3d at 709. A person facing this type

5

of suit may have other potential remedies, and may bring actions relating to damages and title issues in a separate suit. *Rice*, 51 S.W.3d at 709.

In this case, Young contends that she made subsequent improvements to the property in reliance on Wells Fargo's statements that the foreclosure would be halted. These contentions may form the basis for wrongful foreclosure or some other action, but they do not bear on Wells Fargo's right of immediate possession. *See, e.g.*, *Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.—El Paso 1994, writ denied) (holding that when title and ownership were undisputed, the defendants' affirmative defense that the plaintiffs had perpetrated fraud upon the defendants by falsely agreeing to sell them the property had "no . . . relevancy to the question of which party had the right to immediate possession of the premises"). Wells Fargo is not barred by equitable estoppel in asserting its right to immediate possession in this case. We sustain Wells Fargo's second issue.

### Collateral Estoppel

In Wells Fargo's fourth point, it argues that the trial court erred in concluding that Wells Fargo's claims to possession of real property are barred by collateral estoppel, as there was no previous final judgment on the merits regarding the parties and issues in this lawsuit.

In *Mortgage Elec. Registration Sys.*, MERS presented a substitute trustee's deed to establish its interest in the property. 2009 WL 1564994, at *3. However, Young presented two deeds executed after the substitute trustee's

deed disputing MERS's interest in the property. *Id.* at *3. MERS made no attempt to explain those deeds. *Id*. at *4. Likewise, MERS failed to show that it had any authority to bring a forcible detainer action on behalf of Wells Fargo. *Id*. This court therefore held that because title was in dispute, the justice court (and therefore the county court and the court of appeals) had no jurisdiction. *Id.* at *5.

Wells Fargo contends that in the present case title is no longer an issue and that the right to immediate possession can be adjudicated. Young argues that regardless of the title issue, the issue of superior right to possession to the property has already been litigated and thus, Wells Fargo is collaterally estopped from asserting its right in this case.

Collateral estoppel may preclude relitigation of issues previously litigated even though the subsequent suit is based upon a different cause of action. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 521 (Tex. 1998). If a cause of action in the second lawsuit involves an element already decided in the first lawsuit, that cause of action is barred. *Id*. For this to be true, however, the issue decided in the first action must be actually litigated, essential to that lawsuit's judgment, and identical to the issue in the pending action. *Id*.

In *Mortgage Elec. Registration Sys.*, we held that the trial court lacked jurisdiction over MERS's action. 2009 WL 1564994, at *5. Specifically, we held that "the county court did not have jurisdiction to determine if MERS had a superior right to immediate possession of the property." *Id*. at *5. Because the

7

case was dismissed for lack of jurisdiction, the merits of MERS's right of immediate possession were not reached, nor can they be said to be "essential" to the judgment in that action. Furthermore, even if MERS's right to immediate possession of the property had been adjudicated, Young has not shown how MERS's right to immediate possession is an identical issue to the issue in this case, i.e., Wells Fargo's right to immediate possession. *See Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 521. This court's holding in the previous case between different parties that the judgment was void based on lack of jurisdiction cannot be dispositive of Wells Fargo's claims in this case. Collateral estoppel therefore does not now bar Wells Fargo from litigating its forcible detainer action. We sustain Wells Fargo's fourth issue.

### Revisiting Wells Fargo's First Issue

Because we have held that Young's affirmative defenses of estoppel do not bar Wells Fargo from asserting its right to possession of the property at issue, and because Wells Fargo presented evidence at trial sufficient to establish its right to immediate possession of the property, the trial court erred in not granting possession in favor of Wells Fargo. We sustain Wells Fargo's first issue. Having sustained all of the dispositive issues in this case, we do not reach Wells Fargo's third issue. *See* Tex. R. App. P. 47.1.

8

**Conclusion**

Having sustained all of Wells Fargo's dispositive issues, we reverse the judgment of the trial court and render judgment of possession in favor of Wells Fargo.

LEE GABRIEL
JUSTICE

PANEL:  WALKER, McCOY, and GABRIEL, JJ.

DELIVERED:  August 18, 2011

9