**AFFIRM; and Opinion Filed July 10, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00899-CV**

**KELLY J. STONEBRAKER, Appellant**
**V.**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 0055-00410-2012**

## MEMORANDUM OPINION

Before Justices Francis, Lang, and Evans
Opinion by Justice Lang

This appeal concerns the right to possession of real property located in McKinney, Texas.

Federal National Mortgage Association ("FNMA") initiated a forcible detainer action against

Kelly J. Stonebraker[1] following a foreclosure sale of the property and Stonebraker's failure to

vacate upon demand. In a single issue, Stonebraker, appearing pro se, argues the trial court erred

in awarding possession of the property to FNMA because the foreclosure sale violated an

automatic bankruptcy stay.[2] We affirm the trial court's judgment.

### I. BACKGROUND

On March 13, 1998, Stonebraker and his wife Mary, as owners of the subject real

property, executed a home equity note and a home equity agreement placing a lien on the

---

[1] FNMA initiated the action against Stonebraker "and/or all occupants." However, Stonebraker appeals in his individual capacity only.

[2] FNMA did not file a responsive brief.

property.  Section 21 of the home equity agreement provided the lender with the power of sale by foreclosure in the event of default on the note.  Additionally, it required Stonebraker, Mary, or any other occupant to surrender possession of the property if the property was sold at foreclosure.  Specifically, section 21 provided that

> [if] the Property is sold pursuant to this Paragraph 21, [Stonebraker, Mary] or any person holding possession of the Property through [Stonebraker and Mary] shall immediately surrender possession of the Property to the purchaser at that sale.  If possession is not surrendered, [Stonebraker, Mary] or such person shall be a tenant at sufferance and may be removed by writ of possession.

Stonebraker and Mary defaulted on the note, and lender's assignee of the note invoked the power of sale under the home equity agreement.  GMAC Mortgage, LLC purchased the property at the foreclosure sale on November 1, 2011, and on November 30, 2011, conveyed the property to FNMA.

On December 19, 2011, after Stonebraker, Mary, and all other occupants failed to vacate the property upon demand, FNMA instituted a forcible detainer action in justice court, pursuant to section 24.002(a)(2) of the Texas Property Code.  *See* TEX. PROP. CODE ANN. § 24.002 (a)(2) (West 2000).  Attached to its petition were (1) a copy of the substitute trustee's deed showing GMAC purchased the property at the foreclosure sale; (2) an affidavit of Melissa McClain where she stated that notice of the foreclosure sale was mailed to Stonebraker and Mary and that "[t]o the best of [her] knowledge and belief, [Stonebraker or Mary] had not filed any bankruptcy proceeding pending at the time of the foreclosure sale;" (3) a copy of the warranty deed transferring title of the property from GMAC to FNMA; (4) a copy of the home equity agreement executed by Stonebraker and Mary; and (5) copies of the notices to vacate sent to Stonebraker, Mary, and all occupants cautioning them that failure to move within three days of the date the notice was delivered would result in suit being filed.

Stonebraker filed an answer "conditionally agree[ing]" with FNMA's statement in its petition that FNMA's "documents mentioned and presented established [FNMA's] right to possession upon proof" that the documents were not "false." However, in the answer he asserted the documents were false and should be stricken. Specifically, he stated further that the portion of McClain's affidavit that averred no bankruptcy proceedings were pending was false because Mary had filed for bankruptcy October 31, 2011 and GMAC's legal counsel was informed of the bankruptcy that same day. He contended the November 1st foreclosure sale was in violation of the automatic bankruptcy stay[3] and FNMA could not "prove" a lawful "right to possession." The justice court awarded possession to FNMA, and Stonebraker appealed to the county court at law.

Stonebraker filed an answer in the county court similar to his answer in justice court.[4] In response, FNMA argued at the de novo bench trial that it wanted to proceed with the eviction trial and that if Stonebraker "deemed that inappropriate . . . [he] certainly h[ad] the opportunity to file another lawsuit indicating that it was a wrongful conviction based upon the bankruptcy." FNMA then offered into evidence a copy of the substitute trustee's deed, the home equity agreement, the special warranty deed, and a business records affidavit concerning the notices to vacate. Based on the evidence, the trial court awarded FNMA possession of the property.

## II. FORCIBLE DETAINER

### A. Applicable Law

Forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after his right to possession has ceased. *See* TEX. PROP. CODE ANN. § 24.002; *ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ

---

[3] *See* 11 U.S.C. § 362(a).

[4] In this answer, Stonebraker also complained of an affidavit in which the affiant stated she was "retained by [FNMA] to conduct a foreclosure sale on the property." Stonebraker asserted that statement was "false" and should be stricken, too, "because the foreclosure sale was initiated" by GMAC, not FNMA.

denied).  A forcible detainer action is "a summary, speedy, and inexpensive" procedure for determining the right to immediate possession of real property where no claim of unlawful entry exists. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926-27 (Tex. App.—Dallas 2010, no pet.).  To maintain the intended simplicity, the applicable rule of civil procedure, rule 746, provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated."[5]   TEX. R. CIV. P. 746; *Williams*, 315 S.W.3d at 927.  In other words, entitlement to possession of premises is decided "without resorting to an action upon the title." *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.) (quoting *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (Tex. 1936)).  Proof of the existence of a landlord-tenant relationship establishes a plaintiff's entitlement to possession. *Pinney*, 51 S.W.3d at 712.

### B.      Application of Law to Facts

Stonebraker's issue on appeal mirrors his argument to the trial court.  He does not dispute that (1) he defaulted on the loan, (2) the property was sold at foreclosure, (3) GMAC purchased the property at the foreclosure sale and subsequently conveyed it to FNMA, (4) he did not surrender possession of the property upon demand, and (5) the home equity agreement provided that, upon sale of the property and his failure to surrender, a tenancy at sufferance was created, which established a landlord-tenant relationship, and which established FNMA's entitlement to possession. *See id.*  Rather, he disputes the validity of the foreclosure sale in light of the automatic bankruptcy stay, which addresses the merits of the title.  Because Stonebraker's issue as to the merits of the title may not be raised in a forcible detainer action, we resolve his sole issue against him. *See Williams*, 315 S.W.3d at 927.

---

[5] Any question as to the validity of a sale of property under a deed of trust may be brought in a separate suit.  *Williams*, 315 S.W.3d at 927.

### III. CONCLUSION

Having resolved Stonebraker's sole issue against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

120899F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KELLY J. STONEBRAKER , Appellant

No. 05-12-00899-CV          V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. 0055-00410-2012.
Opinion delivered by Justice Lang.   Justices
Francis and Evans participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.  We **ORDER** that appellee Federal National Mortgage Association recover its costs of this appeal from appellant Kelly J. Stonebraker.

Judgment entered this 10th day of July, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE