**Reverse and Remand and Opinion Filed November 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01126-CV

## CITIMORTGAGE, INC., Appellant
## V.
## ERIC A. SCZEPANIK AND ALL OTHER OCCUPANTS, Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-08775-A**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

In this suit for forcible detainer, CitiMortgage, Inc. appeals the trial court's take nothing judgment in favor of Eric A. Sczepanik and all other occupants of 421 Cambridge Drive, Richardson, Texas. In four issues, CitiMortgage contends the trial court erred by sustaining Sczepanik's objections and excluding the trustee's deed (by substitute trustee) from evidence. We agree. We reverse the trial court's judgment and remand for further proceedings.

Sczepanik purchased the house at 421 Cambridge Drive in Richardson on November 8, 2004. He signed a promissory note for $123,750 and executed a deed of trust. Under the deed of trust, Sczepanik agreed that if the property were sold at a foreclosure sale, as borrower on the note, he and any person holding possession of the house through him would "immediately surrender possession of the Property to the purchaser at that sale." If he did not surrender

possession, he would become a tenant at sufferance and could be removed by writ of possession or other court proceeding. When he defaulted on his note, the property was posted for foreclosure, and CitiMortgage purchased the property. CitiMortgage sent Sczepanik a demand to vacate the premises and, when he did not do so, filed suit for forcible detainer in justice of the peace court. After that court awarded judgment in favor of CitiMortgage, Sczepanik appealed to the county court at law.

On appeal, CitiMortgage offered the trustee's deed to establish it had the right to immediate possession of the property. Sczepanik objected to the document on the grounds it was "hearsay within hearsay." The trial court sustained the objection and entered a take nothing judgment in favor of Sczepanik. The trial court did not file findings of fact and conclusions of law despite CitiMortgage's request for the same. This appeal followed.

Evidentiary rulings are committed to the trial court's sound discretion. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam). A trial court abuses its discretion when it acts without regard for any guiding rules or principles. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

We recently considered whether the recitals in a trustee's deed were hearsay within hearsay subject to exclusion under the hearsay rule. *See Mason v. Wells Fargo Bank, N.A.*, No. 05-12-01590-CV, 2013 WL 5948077, at *2 (Tex. App.—Dallas Nov. 5, 2013, no pet. h.) (mem. op.). Rule of evidence 803(15) provides that statements of document affecting an interest in property are not excluded by the hearsay rule. TEX. R. EVID. 803(15); *see Mason*, 2013 WL 5948077, at *2. The trustee's deed in this case is "a document purporting to establish or affect an interest in property." TEX. R. EVID. 803(15).

As was the case in *Mason*, the issue here is whether the recitals Sczepanik objected to were "relevant to the purpose of the document." The purpose of the trustee's deed was to

–2–

transfer the property following a foreclosure sale, and the recitals in the trustee's deed, setting out the facts on which the foreclosure sale was based, were germane to the deed's purpose. We therefore conclude that, under rule 803(15), the recitals are "relevant to the purpose of the document" and are not excluded by the hearsay rule. *See Mason*, 2013 WL 5948077, at *3. Accordingly, the trial court abused its discretion by sustaining Sczepanik's hearsay within hearsay objection to the deed and by excluding the deed.

Having concluded the trial court erred, we must determine whether the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a). A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Thus, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Williams*, 315 S.W.3d at 927.

CitiMortgage offered the trustee's deed to establish it purchased the property at foreclosure and had a right to immediate possession. The trial court erroneously excluded the evidence and found in favor of Sczepanik. Under these facts, we conclude the erroneous exclusion of the deed showing CitiMortgage's ownership probably caused the rendition of an improper judgment. We sustain CitiMortgage's issues.

We reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

121126F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CITIMORTGAGE, INC., Appellant

No. 05-12-01126-CV      V.

ERIC A. SCZEPANIK AND ALL OTHER
OCCUPANTS, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-11-08775-A.
Opinion delivered by Justice Francis.
Justices FitzGerald and Myers participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

      It is **ORDERED** that appellant CITIMORTGAGE, INC. recover its costs of this appeal from appellee ERIC A. SCZEPANIK AND ALL OTHER OCCUPANTS.


Judgment entered this 19th day of November, 2013.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

–5–