**AFFIRM; and Opinion Filed January 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-12-00997-CV
_____

### KIMBERLY NOYE, Appellant
### V.
### WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2005-FR4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR4, Appellee

**On Appeal from the County Court at Law No. 5
Collin County, Texas
Trial Court Cause No. JE-005-1746-2012**

## MEMORANDUM OPINION
Before Justices O'Neill, Myers, and Brown
Opinion by Justice Brown

In this forcible detainer case, Kimberly Noye appeals the trial court's judgment awarding possession of certain real property to appellee Wells Fargo Bank, who purchased the property at a foreclosure sale. In three points of error, Noye contends the trial court erred because Wells Fargo did not have standing to bring this action and because the foreclosure sale was invalid. Because Noye's complaints on appeal concern the foreclosure process and not who had the immediate right to possession of the property, we affirm the trial court's judgment.

In 2005, Kimberly Noye and her husband Dvonyotto Noye borrowed money secured by a deed of trust on property located at 7008 Marble Canyon Drive in Plano, Texas. On October 4, 2011, Wells Fargo bought the property at a foreclosure sale, and a substitute trustee's deed

reflecting the sale was executed on that date. The substitute trustee's deed also indicates that Wells Fargo was the mortgagee at the time of foreclosure. On February 8, 2012, Wells Fargo sent notice to the Noyes demanding that they vacate the property within three days. When they failed to vacate, Wells Fargo filed this action in justice court against the Noyes and "all occupants" of the property, seeking possession of the property. The justice court ruled in favor of Wells Fargo, and Kimberly Noye appealed that judgment to the county court. [1] After a trial de novo, the county court awarded possession to Wells Fargo. This appeal followed.

The purpose of a forcible detainer action is to determine the right to immediate possession of real property. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.— Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Id.* The only issue in these cases is the right to actual possession. TEX. R. CIV. P. 746. The merits of the title shall not be adjudicated. *Id.* Whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer action but must be brought in a separate suit. *Williams*, 315 S.W.3d at 927.

In her first and second points of error, Noye contends Wells Fargo did not have standing to bring this action. Specifically, she contends that Wells Fargo, who was not the original mortgagee but is listed as mortgagee on the substitute trustee's deed, has not shown that the deed of trust to the property was assigned to it. In her third point of error, Noye contends the foreclosure sale was invalid because prior to the sale, notice of the sale was not properly recorded. The deed from the substitute trustee following the foreclosure sale established Wells Fargo's ownership of the property and thus its standing to bring this action for possession. Noye's claims are unrelated to the issue of possession. Any defects in the foreclosure process or

[1] The Noyes were divorced at the time of trial in the county court. Kimberly Noye testified Dvonyotto Noye no longer resided at the property. He is not a party to this appeal.

with Well Fargo's title to the property may not be considered in a forcible detainer action. *See id.* Accordingly, we overrule Noye's three points of error.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

120997F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KIMBERLY NOYE, Appellant

No. 05-12-00997-CV          V.

WELLS FARGO BANK, NATIONAL
ASSOCIATION AS TRUSTEE FOR
SECURITIZED ASSET BACKED
RECEIVABLES LLC 2005-FR4
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2005-FR4,
Appellee

On Appeal from the County Court at Law
No. 5, Collin County, Texas
Trial Court Cause No. JE-005-1746-2012.
Opinion delivered by Justice Brown.
Justices O'Neill and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR SECURITIZED ASSET BACKED RECEIVABLES LLC 2005-FR4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FR4 recover its costs of this appeal and the full amount of the trial court's judgment from appellant KIMBERLY NOYE and from appellant's supersedeas bond.

Judgment entered this 27th day of January, 2014.

/Ada Brown/
ADA BROWN
JUSTICE

–4–