**AFFIRMED; and Opinion Filed June 15, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00430-CV

### REHEMA OLUFEMI-JONES, Appellant
### V.
### VAN LE & MAI NGO, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-06801-B**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Schenck
Opinion by Justice Schenck

In this forcible detainer action, Rehema Olufemi-Jones[1] appeals the trial court's judgment

awarding possession of certain real property to Appellees Van Le and Mai Ngo. In two issues,

Olufemi-Jones asserts the trial court erred because the trial court lacked subject-matter

jurisdiction. We affirm the trial court's judgment. We issue this memorandum opinion because

all issues are well settled in law. TEX. R. APP. P. 47.4.

### BACKGROUND

In July 2006, Olufemi-Jones and her husband Charles Jones borrowed money secured by

a deed of trust for the benefit of lien holder Countrywide Home Loans, Inc. on property located

at 1350 Kentucky Avenue, Lancaster, Texas 75134-1689. The deed of trust identified Mortgage

---

[1] We note that the case was styled as Rehema Olufemi-Jones and All Other Occupants v. Vane Le and Mai Ngo. However, in her notice of appeal with this Court, Olufemi-Jones appears solely on her own behalf and not on behalf of herself and all other occupants.

Electronic Registration Systems, Inc. (MERS) as Countrywide's nominee and beneficiary of the security interest under the deed of trust. The deed of trust states in part that "[i]f the Property is sold pursuant to [the deed of trust], [Olufemi-Jones and her husband] or any person holding possession of the Property through [Olufemi-Jones or her husband] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Olufemi-Jones and her husband] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding."

Olufemi-Jones and her husband defaulted on their loan. The deed of trust provided for the property to be sold to the highest bidder in the event of foreclosure. On December 6, 2011, Bank of America, N.A. bought the property at a foreclosure sale, and a substitute trustee's deed reflecting the sale was executed on that date.[2] The substitute trustee's deed identified MERS as the original mortgagee and Bank of America, N.A. as the mortgagee at the time of the foreclosure. On November 2, 2012, Bank of America sold the property to Van Le and Mai Ngo, and a quitclaim deed reflecting the sale was executed and recorded on that date.

On September 17, 2013, appellees sent a notice demanding Olufemi-Jones and all other occupants vacate the property within ten days from the date of delivery of the notice. Olufemi-Jones did not vacate the property. In October 2013, appellees filed a forcible detainer action in justice court against Olufemi-Jones and all other occupants, seeking possession of the property, unpaid rent, and attorney's fees. In November 2013, the justice court awarded appellees possession of the property. On appeal from the justice court, the county court at law rendered judgment in favor of appellees, awarding to them possession of the property, attorney's fees in

---

[2] We note that the reporter's record reflects that appellant filed a cause of action against Bank of America, disputing the validity of the foreclosure sale, which was removed to federal district court. However, the issue here is that of immediate possession, and therefore the outcome of the federal proceedings is not relevant in this forcible detainer action.

the amount of $1,000, costs of court, and past-due rent in the amount of $725 per month beginning September 27, 2013, through the date of judgment of March 4, 2014.

## DISCUSSION

On appeal to this Court, Olufemi-Jones raises two issues regarding subject-matter jurisdiction. In her first issue, Olufemi-Jones argues the county court at law erred because it failed to determine whether appellees had standing to bring this action and to confirm its own subject-matter jurisdiction. Olufemi-Jones contends there is no evidence establishing that Countrywide conveyed its rights to appellees, Bank of America, or any other party. In her second issue, Olufemi-Jones asserts that the county court at law lacked subject-matter jurisdiction because the right to immediate possession necessarily required a resolution of a title dispute. She alleges that because there is no evidence that Countrywide conveyed its interest to appellees or any other party, the issue of possession necessarily requires a determination as to who has the right to enforce the terms of the Deed of Trust.

The question of subject-matter jurisdiction is a legal question we review *de novo*. *Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The purpose of a forcible detainer action is to determine the right to immediate possession of real property. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Id.* The only issue in a forcible detainer action is the right to actual possession. TEX. R. CIV. P. 510.3(e). Because the plaintiff in a forcible detainer action is only required to demonstrate a superior right to immediate possession, the county court at law can determine possession without quieting title if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale.

*Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.).

Olufemi-Jones's contention that there is no evidence that Countrywide conveyed any interest to any other party is without merit. Pursuant to the deed of trust, Olufemi-Jones and her husband agreed MERS was a nominee for Countrywide and a beneficiary under the deed of trust. The substitute trustee's deed reflects that MERS as the original mortgagee conveyed its interests to Bank of America in a foreclosure sale. All appellees had to show to prevail on their suit was that (1) Olufemi-Jones became a tenant at sufferance when the property was sold under the deed of trust, (2) Bank of America obtained the property from MERS by a substitute trustee's deed after the foreclosure sale, (3) appellees owned the property by virtue of a deed from Bank of America, (4) appellees gave proper notice to Olufemi-Jones requiring her to vacate the premises, and (5) Olufemi-Jones refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002(a)(2), 24.002(b), 24.005 (West 2014).

Here, the record shows that appellees produced the following evidence to support their right to possession and standing: (1) the substitute trustee deed establishing Bank of America's purchase of the property after the foreclosure sale, (2) the deed of trust establishing the land-lord tenant relationship between Olufemi-Jones and Bank of America as foreclosure purchaser, (3) the quitclaim deed from Bank of America establishing appellees' ownership of the property, and (4) written notice from appellees to Olufemi-Jones, requiring her and all other occupants to vacate the premises within ten days from the date of delivery of the notice. Additionally, at trial Olufemi-Jones testified she currently resided at the property, and she does not dispute she has not vacated the property. Thus, the county court at law had subject-matter jurisdiction to determine issues of right to actual possession without considering any defects with appellees' title to the

property.  *Id.* §§ 24.002(a)(2), 24.002(b), 24.005; TEX. R. CIV. P. 510.3(e); *Elwell*, 267 S.W.3d at 568–69.  Accordingly, we overrule Olufemi-Jones's two issues.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

140430F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

REHEMA OLUFEMI-JONES, Appellant

No. 05-14-00430-CV        V.

VAN LE & MAI NGO, Appellees

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-06801-B.
Opinion delivered by Justice Schenck, Justices Bridges and Lang participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees VAN LE & MAI NGO recover the full amount of the trial court's judgment and their costs of this appeal from appellant REHEMA OLUFEMI-JONES and from the cash deposit in lieu of supersedeas bond. After the judgment and all costs have been paid, we direct the clerk of the county court to release the balance, if any, of the cash deposit to Nadine R. King-Mays.

Judgment entered this 15th day of June, 2015.