**AFFIRM; and Opinion Filed October 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01062-CV

**CURTIS JACKSON, Appellant**
**V.**
**AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC, A DELAWARE LIMITED LIABILITY COMPANY, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-03296-B**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Whitehill

Appellee American Homes 4 Rent Properties Eight, LLC bought appellant Curtis Jackson's house in a foreclosure sale, then filed this forcible detainer suit to evict Jackson from the house. American Homes prevailed in justice court, and Jackson appealed to the county court at law. American Homes prevailed again after a bench trial de novo. Jackson appeals. We affirm.

### I. BACKGROUND

The county court at law bench trial was short. American Homes introduced three exhibits into evidence: (1) the substitute trustee's deed conveying the property to American Homes, (2) the deed of trust executed by Jackson, and (3) a business records affidavit proving up an attached notice to vacate and demand for possession that American Homes had sent to

Jackson. American Homes then called Jackson as a witness and obtained his testimony that he was currently residing in the property. After American Homes rested, Jackson orally moved to abate the case pending the outcome of other litigation in which he was challenging the foreclosure. The trial court denied the motion. Jackson then acknowledged, in response to the court's question, that he had not paid anything "since the lawsuit has been filed." At the end of the trial, the court orally rendered judgment for American Homes. The final judgment awarding American Homes possession was signed that same day.

## II.  ANALYSIS

Jackson's appellate brief raises four issues: (1) did the trial court err by admitting certain evidence; (2) did the trial court err by denying Jackson an opportunity to present proof of a title dispute; (3) did the trial court err by denying Jackson's motion to abate; and (4) did the trial court lack subject-matter jurisdiction to adjudicate this matter. We address his fourth issue first because it is jurisdictional.

**A.  Issue Four:  Did the trial court have jurisdiction to entertain American Homes' action?**

Jackson's fourth issue argues that neither the justice court nor the county court at law had jurisdiction over this case because American Homes' forcible detainer claim required the trial courts to determine an issue of title to resolve the right to immediate possession. For the reasons stated below, we disagree.

Forcible detainer is a procedure to determine the right to immediate possession of real property if there was no unlawful entry. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* TEX. PROP. CODE ANN. § 24.002(a) (West 2014). The governing procedural rule provides that "[t]he court must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3(e). The validity of a foreclosure cannot be litigated in a forcible detainer action. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas

–2–

2010, no pet.). Defects in the foreclosure process or in the claimant's title can be pursued in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed, but they are not relevant in a forcible detainer action. *Id.*

Jackson argues that issues regarding title to and possession of the property are so intertwined in this matter that the trial courts lacked jurisdiction to hear it. We have considered and rejected this argument on similar facts in other cases. *See, e.g.*, *Am. Homes 4 Rent Props. One, LLC v. Ibarra*, No. 05-13-00973-CV, 2014 WL 3212843, at *3 (Tex. App.—Dallas July 8, 2014, no pet.) (mem. op.); *Rice*, 51 S.W.3d at 711; *see also Williams*, 315 S.W.3d at 927. In this case, American Homes introduced the same pieces of evidence that we held were sufficient to support a forcible detainer claim in *Ibarra*, *Williams*, and *Rice*. Jackson's complaints about the foreclosure process and simultaneous prosecution of wrongful foreclosure litigation did not deprive the trial courts of jurisdiction to hear this case. *See Rice*, 51 S.W.3d at 711 ("To hold . . . that the filing of a concurrent suit . . . challenging the validity of the substitute trustee deed precludes a forcible detainer suit in justice court would ignore the long-established legislative scheme of parallel resolution of immediate possession and title issues."). We overrule Jackson's fourth issue.

**B.      Issue One: Did the trial court err by admitting certain evidence?**

Jackson's first issue asserts that the trial court erred by "admitting documentary evidence, that Plaintiff [sic] had filed a lawsuit on March 31, 2014 Case No. DC-14-03281 in the 162nd Judicial District Court of Dallas County, Texas against Nationstar Mortgage for unlawful foreclosure which on April 25, 2014 Defendant Nationstar Mortgage filed a Removal of the lawsuit Civil Action No. 14-1528." According to Jackson's statements during the bench trial, he filed the wrongful foreclosure lawsuit, not American Homes. Although his brief is not entirely

clear, Jackson may also complain about the admission of American Homes' exhibit containing the notice to vacate.

Jackson's first issue is not adequately briefed. An issue must be supported with argumentation and appropriate legal authorities and record references. *See* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). Jackson does not support his first issue with any of these required elements. Thus, the issue presents nothing for us to review. *See Bolling*, 315 S.W.3d at 897.

Additionally, Jackson did not object to the admission of the notice to vacate, so he did not preserve any error as to that exhibit. *See* TEX. R. APP. P. 33.1(a)(1).

As to Jackson's other complaints, we have reviewed the reporter's record, and it contains no indication that anyone offered, or that the trial court admitted, any documentary evidence concerning the other lawsuit.

We overrule Jackson's first issue.

## C.     Issue Two:  Did the trial court deny Jackson due process?

Jackson's second issue asserts that the trial court denied Jackson due process by denying him the opportunity to present proof of a title dispute. Like his first issue, this issue is not supported by argument, legal authorities, or record references, so it presents nothing for us to review. *See Bolling*, 315 S.W.3d at 897.

Moreover, the reporter's record does not support Jackson's contention that the trial court denied him the opportunity to present his case. After American Homes rested, the trial court allowed Jackson to proceed. Jackson described his wrongful foreclosure lawsuit and asked for an abatement, which the trial court denied. The court asked Jackson if he had been paying anything toward the debt, and he answered that he had not. Then the court asked Jackson, "Anything further?" Jackson answered, "No, sir." The trial court then orally rendered judgment.

–4–

Thus, the record does not support Jackson's contention that the trial court denied him the opportunity to present his case. We overrule Jackson's second issue.

**D.      Issue Three: Did the trial court err by denying Jackson's motion for an abatement?**

Jackson's third issue asserts that the trial court erred by denying Jackson's oral motion to abate. Jackson contends that this ruling denied him "his right to a fair chance to identify his legal position that the Justice Court and on appeal the County Court at Law lacked jurisdiction due to the title issues clearly present in his case." This issue, like issues one and two, is defective for lack of supporting argument, legal authorities, and record references. *See id.*

Moreover, the reporter's record does not indicate that the denial of an abatement denied Jackson a fair chance to argue that the trial court lacked jurisdiction. Jackson and the trial court discussed the effect of Jackson's pending lawsuit even before Jackson moved to abate. At the end of the trial, Jackson said, "No, sir," when the trial court asked him if he had anything further to present. Jackson does not explain what additional material he would have presented if the trial court had granted an abatement.

Finally, we have held that it is not proper for a trial court to abate an eviction action pending the outcome of related parallel litigation in another court. *Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 738 (Tex. App.—Dallas 2003, no pet.) (justice court abused its discretion by abating forcible entry and detainer action in favor of related parallel district court litigation). We overrule Jackson's third issue.

### III. DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

141062F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CURTIS JACKSON, Appellant

No. 05-14-01062-CV     V.

AMERICAN HOMES 4 RENT
PROPERTIES EIGHT, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-14-03296-B.
Opinion delivered by Justice Whitehill.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC, A DELAWARE LIMITED LIABILITY COMPANY recover its costs of this appeal and the accrued rent from appellant CURTIS JACKSON and the cash deposit in lieu of supersedeas bond. After all costs and rent have been paid, we order the clerk to release the balance, if any, to appellant Curtis Jackson.

Judgment entered this 29th day of October, 2015.