ACCEPTED
05-17-01450-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
3/27/2018 2:23 PM
LISA MATZ
CLERK

## CAUSE NO. <u>05-17-01450-CV</u>

| | | |
|---|---|---|
| **THEODIST THOMAS** | § | FILED IN<br>5th COURT OF APPEALS<br>DALLAS, TEXAS |
| *Appellant* | § | **IN THE FIFTH** |
| | § | 03/27/2018 2:23:21 PM |
| | § | LISA MATZ |
| **vs.** | § | **COURT OF APPEALS** Clerk |
| | § | |
| C & C Residential Properties | § | |
| *Appellee* | § | **DALLAS, TEXAS** |

## <u>APPELLEE'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE</u>

Appellee asks the Court to either dismiss this appeal or affirm the trial court's judgment and grant appellee judgment for costs.

## I. PARTIES

1.     Appellant is Theodist Thomas.  Appellee is C & C Residential Properties.

## II. PROCEDURAL BACKGROUND

2.     On December 15, 2017, a judgment was signed by the Honorable Sally Montgomery awarding Appellee possession of the real property located at 105 Southwick Drive Cedar Hill, Texas 75104 against. Theodist Thomas And/Or All Occupants of105 Southwick Drive, Cedar Hill Texas 75104.

3. Appellant appealed the County Court's judgment on December 18, 2017.

4. On December 19, 2017 the Court of Appeals issued notice that a proper Appellant's Docketing Statement was due.

5. On December 29, 2017 Appellant filed an unsigned and undated Docketing Statement.

6. On February 12, 2018 the Court issued notice that the Clerk's Record has not been filed because Appellant has not paid or made arrangements to pay the clerk's fee. The notice further stated that this must be cured in 10 days from the date of the letter.

7. A response to this letter was due February 22, 2018 or the case was subject to being dismissed.

8. Appellant has not responded to this letter nor made arrangements to have the clerk's record prepared or filed.

9. On February 15, 2018, this Court notified the parties that the Court Reporter's record was overdue. Thirty days has passed since that notification and the reporter's record has not been filed.

## III.    ARGUMENT & AUTHORITIES

10.    Under Texas R. App. P. 42.3, this Court has authority to dismiss this appeal for want of prosecution or, in the alternative, to affirm the trial court's judgment if it finds that the Appellant has failed to prosecute the case or if the appellant has failed to comply with a notice from the clerk requiring a response or other action within a specified time.

11.    Under the undisputed facts, the lack of action by Appellant justifies dismissal of this appeal or, in the alternative, affirming the trial court's judgment.

12.    This is an appeal of a post-foreclosure forcible detainer case. In a forcible detainer action, the only issue for the trial court to determine is which party has the immediate right to possession of the property. *See Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet). The action known as a forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain possession. Id. at 926-27.

13.    To further illustrate the simplistic and expedited manner of the case before this Court, Texas Rule of Civil Procedure 510.12 states that once the transcript from a forcible detainer appeal from the justice court has been on file with the County Court (or District Court) for "eight full days",

the case is subject to trial at any time. This specific provision allowing a trial setting after a mere eight days in forcible detainer appeals prevails over the general rule of Civil Procedure 245 requiring at least 45 days' notice of trial. *Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738-739 (Tex./ App.—Fort Worth 2000, pet. Dismissed)

14. Actions for forcible detainer is by statute and case law intended to be a simple proceeding concerning one issue; and further, because of it so simplistic in nature, it is a matter that is to proceed before the Court in an expedited manner. Additional, pursuant to T.R.C.P. 510.10(c) eviction matters are entitled to precedence in the County Court.

Appellant's failure to diligently prosecute this appeal is contrary to the both the statutory provisions and case law on point regarding the expedited nature of actions for forcible detainer.

15. Appellant's delay continues to economically injure Appellee as Appellant continues to occupy the subject property while Appellee receives no consideration for said occupancy and Appellee must also incur taxes, insurance and other associated fees and costs with owning the subject property.

## IV.  CONCLUSION

16.   Due to the nature of this cause of action;  Appellant's failure to diligently prosecute this appeal; and due to the continuing economic injury incurred by Appellee as a result of Appellant's lack of prosecution, Appellee asks that this court dismiss this appeal or affirm the trial court's judgment.

## V.  PRAYER

17.   For these reasons, appellee asks the Court to grant this motion and dismiss this appeal or, in the alternative, affirm the trial court's judgment and grant Appellee such other and further relief to which it may be entitled or is in the interest of justice.

Respectfully Submitted,

JACK O'BOYLE & ASSOCIATES

Jack O'Boyle
SBN 15165300
jack@jackoboyle.com
Travis Gray
SBN 24044965
□ Chris S. Ferguson
SBN 24069714
P.O. Box 815369
Dallas, Texas 75381
Phone:  972.247.0653
Fax: 972.247.0642
ATTORNEYS FOR APPELLEE

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Dismiss was served on Appellant by certified mail on March 27, 2018

Date: March 27, 2018

_____
Jack O'Boyle