# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00093-CV

**Wenkai Chen, Appellant**

**v.**

**Bank of America, N.A., Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-16-011423, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wenkai Chen appeals a trial-court judgment in a forcible-detainer suit awarding Bank of America, N.A., possession of residential real property in Travis County (the Property). In two issues, Chen challenges the sufficiency of the evidence supporting the judgment. Specifically, Chen asserts that an affidavit that was admitted as part of a trial exhibit at the bench trial was not "competent summary judgment" evidence and, consequently, the judgment of possession was error. We will affirm.

Chen purchased the Property, which was previously owned by James and Synde Garcia, at a foreclosure sale initiated by a homeowners' association pursuant to a homeowners' association assessment lien. *See* Tex. Prop. Code § 209.0091 (property owners' association may

foreclose any lien described by association's dedicatory instruments after obtaining court order).[1]

The Constable's Deed conveying the Property to Chen provides that the sale is "subject to the

superior lien indebtedness upon such property."[2]  The Property was subject to a superior lien by virtue

of the Garcias' having executed a deed of trust granting a first lien security interest in the Property

to secure a mortgage loan in the principal amount of $145,112.00.  The deed of trust provided:

> If after complying with all applicable statutory notice provisions Lender requires immediate payment in full [], Lender may invoke the power of sale and any other remedies permitted by applicable law.
>
> . . . .
>
> If the Property is sold pursuant to this Paragraph [], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale.  If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

As a result of default on the mortgage loan, and subsequent to purchase by Chen, the Property was

sold to Bank of America at a foreclosure sale conducted by a substitute trustee.  Bank of America

received a substitute trustee's deed memorializing the conveyance.  Bank of America, through its

counsel, then sent written notices to the Garcias, Chen, and all current occupants of the Property

---

[1]  The developer of a subdivision, as owner of all land subject to the declaration, is entitled to create liens on its land to secure the payment of assessments. *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 634 (Tex. 1987).  Although the remedy of foreclosure may seem harsh especially when a small sum is due, the court is bound to enforce the agreements homeowners enter into concerning the payment of assessments. *Id.* at 637.

[2]  The relevant dedicatory instrument also provides that a lien to secure payment of homeowners' association assessments "shall be specifically made secondary, subordinate and inferior to all liens [] to secure the payment of monies advanced [] on account of the purchase price."

instructing them to vacate the Property and advising them that, if they failed to do so, Bank of America would file a forcible-detainer suit against them for possession of the Property.

When Chen failed to surrender the Property, Bank of America filed a forcible-detainer action. The justice court granted possession of the Property to Bank of America. Chen appealed the judgment to the county court at law. Following a de novo bench trial, the trial court rendered judgment granting Bank of America possession. This appeal followed.

**DISCUSSION**

A forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry. *Williams v. Bank of N. Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). "A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease . . . ." Tex. Prop. Code § 24.002(a)(2). To prevail in a forcible-detainer action, a plaintiff need not prove title. Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, the plaintiff need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). To prevail in its forcible-detainer action, Bank of America was required to show that (1) it owned the property by virtue of the substitute trustee's deed, (2) Chen became a tenant at sufferance when the property was sold under the deed of trust,

3

(3) Bank of America gave proper notice to Chen requiring that she vacate the premises, and (4) Chen refused to surrender the premises to Bank of America.

At trial, Bank of America introduced into evidence certified copies of the Garcias' deed of trust, the substitute trustee's deed granting the Property to Bank of America following foreclosure of the superior lien securing payment of the mortgage loan, the constable's deed evidencing the sale of the Property to Chen subject to the superior lien, and notices sent by counsel for Bank of America to Chen and all occupants of the Property. The substitute trustee's deed reflected that Bank of America purchased the Property after foreclosure due to default under the terms of the deed of trust. The deed of trust established that Chen and any other occupants of the Property became tenants at sufferance after Bank of America purchased the Property at the foreclosure sale. The constable's deed reflected that Chen's interest in the Property was subject to the superior lien indebtedness on the Property. The notices sent by Bank of America to Chen and all other occupants of the Property informed them that their tenancy was being terminated and that they were required to vacate the Property. This evidence was sufficient to establish that Bank of America had a superior right to immediate possession of the Property. *See Reardean v. Federal Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *2 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Williams*, 315 S.W.3d at 927.

In this appeal, however, Chen asserts that the trial court erred in granting possession of the Property to Bank of America because it improperly considered the affidavit of Aisha Huckleberry, which was attached to the substitute trustee's deed that conveyed the Property to Bank of America after the foreclosure sale. The Huckleberry affidavit attested to the mailing of

4

pre-foreclosure notices required by the Texas Property Code.[3] According to Chen, this affidavit was not "competent summary judgment evidence"[4] because it "did not unequivocally state the facts were personally known [to the affiant] and were true." The Huckleberry affidavit was attached to the recorded substitute trustee's deed, which was offered into evidence only to show that the substitute trustee conducted a foreclosure sale and that Bank of America was the purchaser at that sale. The Huckleberry affidavit's original purpose was to demonstrate compliance with statutory notice requirements applicable to foreclosure proceedings. Whether or not the Huckleberry affidavit was defective has no bearing on the issue before the trial court in this forcible-detainer action. Defects in the foreclosure process or with a party's title to property may not be considered in, and are not relevant to, a forcible-detainer action. *Williams*, 315 S.W.3d at 927. The Huckleberry affidavit included no averments germane to the forcible-detainer action.[5] Thus, Chen cannot rely on any alleged defects in the Huckleberry affidavit as a basis to assert error in the trial court's judgment granting possession of the Property to Bank of America. We overrule Chen's two appellate issues.

## CONCLUSION

Having overruled Chen's appellate issues, we affirm the trial court's judgment.

---

[3] The Texas Property Code requires service on the debtor of notice of default under a deed of trust and notice of a sale under a power of sale conferred by a deed of trust. Tex. Prop. Code § 51.002.

[4] Despite the fact that the court conducted a de novo bench trial, counsel for Chen refers to the exhibit as "summary judgment evidence."

[5] To show compliance with the requirement that notice to vacate be provided to the tenants at sufferance, Bank of America offered the business records affidavit of Catherine Allen-Rhea. The Allen-Rhea affidavit was admitted at trial and Chen has not challenged the admissibility of this affidavit on appeal.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   November 2, 2018