**AFFIRM; and Opinion Filed August 15, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00560-CV

**PHYLLIS M. REESE, Appellant**

**V.**

**BANK OF AMERICA, N.A., Appellee**

**On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court Cause No. 002-00480-201**

## MEMORANDUM OPINION
Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Lewis

Phyllis M. Reese appeals the trial court's judgment awarding possession of certain real property to appellee Bank of America, N.A. (the "Bank"); the Bank purchased the property at a foreclosure sale. In three issues, Reese contends: (1) the Bank lacks standing to pursue this action; (2) because the Bank lacks standing, Reese is not a tenant at sufferance; and (3) the Bank failed to comply with a foreclosure-sale requirement to record the notice of foreclosure in the county deed records. We affirm the trial court's judgment.

In 2000, Reese borrowed money secured by a deed of trust on property located at 2404 Raintree Drive in Plano, Texas.[1] That deed of trust identifies Sterling Capital Mortgage Company ("Sterling") as Reese's lender. On November 6, 2012, the Bank bought the property at

---

[1] Reese has not brought forward a reporter's record in this case. When an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order. *Willms v. Americas Tire Co., Inc.,* 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). In the absence of a reporter's record, our factual background is taken from the parties' pleadings.

a foreclosure sale, and a substitute trustee's deed reflecting the sale was executed shortly thereafter. The substitute trustee's deed recites that Mortgage Electronic Registration Systems, Inc. ("MERS") was Reese's original mortgagee, and the Bank was the current mortgagee as well as the buyer at foreclosure. On January 7, 2013, the Bank sent notice to Reese (and any other occupants of the property) demanding that she vacate the property within three days. When Reese failed to vacate the property, the Bank filed this action in justice court against Reese (and all occupants of the property), seeking possession of the property. The justice court granted a writ of possession to the Bank, and Reese appealed. After a trial de novo, the county court at law awarded possession to the Bank as well. Reese now appeals to this Court.

The purpose of a forcible detainer action is to determine the right to immediate possession of real property. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). The process "is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title." *Id.* at 926–27. Indeed, the applicable rule of procedure provides that "[t]he court must adjudicate the right to actual possession and *not* title." TEX. R. CIV. P. 510.3(e) (emphasis added). The only issue in a forcible detainer action is the right to immediate possession of the property. *Williams*, 315 S.W.3d at 927. And to prevail in a forcible detainer action, a plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

In her first issue, Reese argues the Bank lacked standing to bring this forcible detainer action because the evidence at trial did not reveal any connection between the Bank and Sterling, or between the Bank and MERS, such that the Bank could prove it held an interest in Reese's original deed of trust. Standing is a component of subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Whether a court has subject matter

jurisdiction is a question of law; so long as there are no disputed jurisdictional facts, we review the question de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Absent a reporter's record, we cannot examine the evidence at trial, and we must presume the evidence supports the trial court's order. *See Willms,* 190 S.W.3d at 803. Moreover, our clerk's record includes the substitute trustee's deed (which recites that the Bank purchased the property at the foreclosure sale), the deed of trust, and notice to Reese to vacate. On that basis alone, the Bank has established a connection to the property sufficient to bring its case for possession to trial. *See Williams*, 315 S.W.3d at 927. And finally, to the extent that Reese's true concern appears to be the Bank's place in the property's chain of title,[2] that issue cannot be litigated in a forcible detainer action. *See id.* We overrule Reese's first issue.

In her second issue, Reese contends she could not become a tenant at sufferance by staying on the property after the foreclosure sale, because the Bank held no interest in her note or original deed of trust at the time of the foreclosure sale. Again, the issue here is one of title to the property, which cannot be litigated in this case. *See id.* We overrule Reese's second issue as well.

In her third issue, Reese contends the foreclosure sale was void because the Bank failed to record the notice of foreclosure sale in the deed records twenty-one days before the sale. A judgment of possession in a forcible detainer action determines only the right to immediate possession and is not intended to be a final determination of whether the eviction is wrongful. *See Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Whether the

---

[2] Moreover, Reese's argument about the Bank's standing appears to focus on the role of MERS as nominee for the original lender and for the successors and assigns of that lender. Reese's arguments have been considered and rejected by several federal courts. *See Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp. 2d 849, 856–62 (N.D. Tex. 2013) (Godbey, J.); *Dallas Cnty., Tex. v. MERSCORP, Inc.*, No. 3:11-CV-02733-O, 2014 WL 840016, at *9 (N.D. Tex. March 4, 2014) (mem. op.) (O'Connor, J.); *Perez v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-CV-430-XR, 2013 WL 5781208, at *7 (W.D. Tex. Oct. 25, 2013) (Rodriguez, J.); *Richard v. CIT Grp.*, No. H-12-848, 2012 WL 3030348, at *2 (S.D. Tex. July 21, 2012) (Hughes, J.). A foreclosing bank's possession of the note is sufficient to prove it is entitled to foreclose on the deed of trust and an absence in the record of facts demonstrating how the foreclosing bank obtained possession of the note does not raise a fact issue on the bank's authority to foreclose. *See Green*, 937 F. Supp. 2d at 861.

sale of property under a deed of trust is invalid may not be determined in a forcible detainer action—that challenge must be brought in a separate suit. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). We overrule Reese's third issue.

We have decided Reese's three issues against her. We affirm the trial court's judgment.


/David Lewis/
DAVID LEWIS
JUSTICE


130560F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHYLLIS M. REESE, Appellant

No. 05-13-00560-CV      V.

BANK OF AMERICA, N.A., Appellee

On Appeal from the County Court at Law No. 2, Collin County, Texas
Trial Court Cause No. 002-00480-201.
Opinion delivered by Justice Lewis, Justices Fillmore and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BANK OF AMERICA, N.A. recover its costs of this appeal from appellant PHYLLIS M. REESE.

Judgment entered this 15th day of August, 2014.