# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00590-CV

**Lance Richards, Appellant**

**v.**

**US Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2003-7, Home Equity Pass-Through Certificates, Series 2003-7, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY NO. 13-0421-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lance Richards appeals a trial court judgment in a forcible-detainer suit awarding possession of residential real property and conditional appellate attorney's fees to US Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2003-7, Home Equity Pass-Through Certificates, Series 2003-7 (US Bank). In three issues, Richards contends that a title issue existed because US Bank did not establish a chain of ownership linking it to Richards's lender and that the award of attorney's fees was not supported by pleadings or proper evidence. We will affirm the trial court's judgment.

## BACKGROUND

Richards purchased the property at issue in 2003 and as part of this transaction executed a deed of trust granting a security interest in the property to his lender, MILA, Inc. d/b/a

Mortgage Investment Lending Associates. The deed of trust provided that if the property sold at a nonjudicial foreclosure after the "Borrower" (Richards) made an uncured default, Richards would immediately surrender possession of the property to the purchaser at that sale. The deed of trust further provided that Richards's failure to surrender possession of the property would make him a tenant at sufferance, who could be removed by writ of possession or other court proceeding. One week after the deed of trust was signed, MILA assigned Richards's deed of trust and note to US Bank.

After Richards defaulted on the loan and failed to cure his default, the property was sold by a substitute trustee at a nonjudicial foreclosure sale to US Bank. US Bank received a substitute trustee's deed documenting the conveyance. US Bank's counsel then sent Richards notice to vacate the property. After Richards failed to vacate the property, US Bank filed a forcible-detainer suit against him in justice court. The justice court determined that US Bank was entitled to possession of the premises. Richards appealed to the county court at law. At the conclusion of a bench trial, the county court at law signed a judgment granting US Bank possession of the property and conditional appellate attorney's fees. Richards subsequently filed a motion for new trial that was denied by operation of law. This appeal followed.

## DISCUSSION

Richards challenges the forcible-detainer judgment by arguing that: (1) a title issue existed because US Bank did not establish a chain of ownership linking it (as purchaser of the property named on the substitute trustee's deed) to MILA (Richards's lender named on the deed of trust); (2) in the absence of that link, US Bank was not entitled to possession under the property code

2

and could not have provided Richards with proper presuit notice to vacate; and (3) the attorney's fees awarded were not supported by any pleading or proper evidence.

**Forcible detainer**

Forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Id.* at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before justice court in eviction cases is "right to actual possession and not title"). A forcible-detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 Tex. App. LEXIS 14615, at * 5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible-detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

To establish forcible detainer, US Bank had to prove that: (1) it was the owner of the property in question, (2) Richards occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to Richards's right to possession, (4) US Bank made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) Richards refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Jaimes*, 2013 Tex. App.

LEXIS 14615, at *4-5 (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

US Bank's evidence at trial included copies of Richards's deed of trust granting a security interest in the property to MILA, the assignment from MILA to US Bank of Richards's deed of trust and note, the substitute trustee's deed conveying the property to US Bank after it purchased the property at the foreclosure sale,[1] and copies of the notice to vacate that US Bank's counsel sent to Richards by certified and regular mail. The substitute trustee's deed showed that US Bank purchased the property under the terms of the deed of trust after Richards's uncured default. The deed of trust showed that Richards became a tenant at sufferance by refusing to surrender possession of the property after it was sold at a nonjudicial foreclosure sale. Further, the copies of the notice mailed by US Bank to Richards advised him that his tenancy was being terminated and that he was required to vacate the property. Richards did not present any evidence controverting US Bank's evidence at trial, and US Bank's evidence was sufficient to establish its right to immediate possession of the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd) (considering similar evidence); *Shutter v. Wells Fargo Bank,* N.A., 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same) ; *Williams*, 315 S.W.3d at 927 (same); *see also Jaimes*, 2013 Tex. App. LEXIS 14615, at *5-6 (same); *Hornsby v. Secretary of Veterans Affairs*, No. 05-11-01075-CV, 2012 Tex. App. LEXIS 6880, at *7 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.) (same).

---

[1] Richards's counsel acknowledged at trial that these three documents "all appear to be authentic copies of publicly recorded documents."

4

**"Title issue" and notice to vacate**

Richards contends that granting the forcible-detainer judgment was improper because of the existence of a title issue that had to be resolved before the issue of possession. In his view, a title issue existed because US Bank failed to establish a chain of ownership linking it (as purchaser of the property at foreclosure named on the substitute trustee's deed) to MILA (Richards's lender named on the deed of trust) and thus, failed to show its entitlement to possession of the property. Further, US Bank could not have provided Richards with proper presuit notice to vacate because only one entitled to such possession could have provided that notice.

But where, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *Schlichting*, 346 S.W.3d at 199-200. Because Richards's deed of trust permitted nonjudicial foreclosure and because the foreclosure under the deed of trust created a landlord and tenant-at-sufferance relationship between Richards and US Bank, it was not necessary to resolve a title dispute to determine the right of immediate possession. *See id.*; *see also Jaimes*, 2013 Tex. App. LEXIS 14615, at \*13; *Hornsby*, 2012 Tex. App. LEXIS 6880, at \*7 ("Although [appellant] challenges the chain of title to the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action." (quoting former Tex. R. Civ. P. 746)); *Stephens v. Federal Home Loan Mortg. Corp.*, No. 02-10-00251-CV, 2011 Tex. App. LEXIS 3056, at \*5 (Tex. App.—Fort Worth Apr. 21, 2011, no pet.) (mem. op.) (holding Federal Home was not required to "connect the dots" between original lender and mortgage servicer regarding title); *Deubler v. Bank of New York Mellon*,

No. 02-10-00125-CV, 2011 Tex. App. LEXIS 2644, at *3-4 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding party was not required to present evidence establishing linkage between deed of trust and substitute trustee's deed to establish superior right to possession); *Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 Tex. App. LEXIS 4831, at *7 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (noting that purchaser to whom property was conveyed by substitute trustee's deed was not required to prove merits of its title to prove superior right to possession in its forcible-detainer action). Accordingly, we overrule Richards's first and second issues.

**Appellate attorney's fees**

In his third issue, Richards contends that the conditional award of appellate attorney's fees to US Bank was not supported by its pleadings or evidence. US Bank responds that the issue was tried by consent. Unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. Tex. R. Civ. P. 67; *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991); *see Heard v. Chowwang*, No. 14-09-00100-CV, 2010 Tex. App. LEXIS 3970, at *9-10 (Tex. App.—Houston [14th Dist.] May 27, 2010, pet. dism'd w.o.j.) (mem. op.) (concluding that issue of attorney's fees in forcible-detainer action was tried by consent). The party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. *Roark*, 813 S.W.2d at 495. To determine whether an issue was tried by consent, we examine the record not for evidence of the issue, but rather for evidence of trial of the issue. *Hartford Fire Ins. Co. v. C. Springs 300, Ltd.*, 287 S.W.3d 771, 780

6

(Tex. App.—Houston [1st Dist.] 2009, pet. denied). An unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint. *Id*.

Here, the record reflects that during trial counsel for US Bank requested attorney's fees "in the event this matter goes up on appeal." Counsel for US Bank supported this request with his testimony, to which there was no objection[2] or cross-examination:

> [US Bank's counsel]: It is my opinion that in the event that a judgment is granted in favor of my client and Mr. Richards unsuccessfully appeals this to the Court of Appeals, the amount of $2,000 would be reasonable fees for the initial briefing. . . . An additional $2,500 to handle the petition for review. And if the petition is granted, an additional $2,500 for that portion of the work. That concludes my testimony.
>
> THE COURT: All right. Counsel?
>
> [Richards's counsel]: I missed your testimony as to the underlying case amount.
>
> [US Bank's counsel]: We have not requested any attorney's fees for the underlying case.
>
> [Richards's counsel]: Okay. I don't have any questions then.

This plain request in open court indicates that both parties understood the issue of conditional appellate attorney's fees was in the case. Richards failed to make any complaint about the testimony from US Bank's counsel on his fees, which were sought specifically for appellate purposes—briefing

---

[2] After the court stated that it would grant the writ of possession to US Bank, Richards's counsel stated, "[W]e would ask [the court] not to grant any prospective fees in this judgment." This statement expressed opposition to such fees but was not an objection because it did not state why the fees should not be awarded.

7

in the Court of Appeals, work on a petition for review, and work on a granted petition. As such, we conclude the issue of such fees was tried by consent. We overrule Richards's third issue.

**CONCLUSION**

We affirm the trial court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: February 11, 2015