

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00076-CV

———————————————

JOSEFINA MARTINEZ, JUAN MARTINEZ AND/OR ALL OTHER OCCUPANTS OF 1704 CRIMSON CT., ARLINGTON, TX, 76018, Appellants

V.

CERBERUS SFR HOLDINGS, L.P., Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-006342-1

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

This is an appeal from a judgment for possession entered by the trial court in a forcible entry and detainer (FED) proceeding. The judgment awards Appellee Cerberus SFR Holdings, L.P. possession of real property occupied by Appellants Josefina and Juan Martinez as their residence. The four points that Appellants raise on appeal, in essence, collapse into an attack on the form of the Substitute Trustee's Deed that underlies Appellee's claim of title. That argument is not one properly raised in an FED action; instead, the argument should be raised in a separate suit attacking the foreclosure. Thus, challenges based on the form of a Substitute Trustee's Deed are beyond our purview in this appeal, and we overrule all four of Appellants' points.

## II. Factual and Procedural Background and Points Raised on Appeal

Appellee filed an original petition for forcible detainer in justice court that recited that (1) Appellee had acquired title through a Substitute Trustee's Deed; (2) the foreclosure of the underlying deed of trust made Appellants tenants at sufferance; (3) by virtue of the foreclosure, Appellee had become Appellants' landlord; (4) Appellee had served written demand on Appellants to vacate the property; and (5) Appellants had refused to vacate. The clerk's record is apparently incomplete in view of the following statement in Appellants' brief: "[Appellants] filed their pleas in abatement and to jurisdiction, and answer subject to such pleas in the Justice Court,

2

Precinct 7, on September 5, 2018[,] but such does not appear to be a part of the County Clerk's record for reasons unknown to [Appellants]." However, no one disputes that the matter was appealed to the county court at law. That court conducted a trial de novo at which it received into evidence the Substitute Trustee's Deed, the underlying Deed of Trust, and a business records affidavit to which notices to vacate were attached. The county court at law signed a judgment for possession, awarding Appellee possession of the subject property and setting the amount of a supersedeas bond.

Appellants requested findings of fact and conclusions of law and also filed a motion for new trial. The trial court did not make findings, nor did it enter a written order ruling on the motion for new trial.[1] Appellants then perfected an appeal to this court.

As we are able to interpret them, the four points raised by Appellants are as follows:

- Appellee failed to make an adequate presuit demand that Appellants vacate the subject property because defects in the Substitute Trustee's

---

[1]Appellants raise no point about the failure of the trial court to make findings of fact and conclusions of law. Further, the record contains no notice of past-due findings. *See* Tex. R. Civ. P. 297. Thus, any complaint about that failure is waived. *See Ad Villarai, LLC v. Pak*, 519 S.W.3d 132, 137 (Tex. 2017) ("We have held that a party waives its right to challenge a failure to file findings if it does not file a notice of past[-]due findings as rule 297 requires.").

Deed invalidated that deed and thus invalidated both Appellee's claim of title and its right to demand possession.

- Because of the claimed defects in the Substitute Trustee's Deed, Appellee lacked standing to claim possession of the subject property.

- Because of the claimed defects in the Substitute Trustee's Deed, that deed should not have been accorded a presumption of validity.

- The fact that the lender identified in the Deed of Trust and the holder of the note named in the Substitute Trustee's Deed do not match established that the trial court erred by awarding Appellee possession. Further, the record does not establish that Appellants had refused to vacate the subject property after receiving Appellee's demand to vacate.

For the reasons detailed below, we overrule each of Appellants' points.

### III. Applicable Law

"A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease . . . ." Tex. Prop. Code Ann. § 24.002(a)(2). Specifically, in an FED action arising after a foreclosure, the plaintiff carries the burden to establish four elements:

(1) the substitute trustee conveyed the property by deed to appellees after the foreclosure sale; (2) the deed of trust signed by appellants established a landlord[–]tenant relationship between appellants and

4

appellees; (3) appellees gave proper notice to appellants to vacate the premises; and (4) appellants refused to vacate the premises.

*Pruitt v. Scott*, No. 10-18-00211-CV, 2019 WL 1831646, at *1 (Tex. App.—Waco Apr. 24, 2019, pet. denied) (mem. op.).

It is axiomatic that the only issue litigated in an FED action is the superior right to actual and immediate possession. Title should not be litigated. Simply put,

> [a] forcible-detainer action is used to determine the superior right to actual and immediate possession of real property. *See* Tex. R. Civ. P. 510.3(e) (stating that in a forcible[-]detainer action, "[t]he court must adjudicate the right to actual possession and not title"); *see also Diffley v. Fed. Nat'l Mortg. Ass'n*, No. 02-13-00403-CV, 2014 WL 6790043, at *1 (Tex. App.—Fort Worth Nov. 26, 2014, no pet.) (mem. op.); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.). The only issue in a forcible-detainer action is which party has the superior right to immediate possession. *See Dyhre v. Hinman*, No. 05-16-00511-CV, 2017 WL 1075614, at *2 (Tex. App.—Dallas Mar. 22, 2017, pet. denied) (mem. op.) (citing *Williams*, 315 S.W.3d at 927); *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

*Jimenez v. McGeary*, 542 S.W.3d 810, 812 (Tex. App.—Fort Worth 2018, pet. denied); *see Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (stating that a court's determination "of possession in a forcible[-]detainer action is a determination only of the right to immediate possession of the premises, and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question").

A plaintiff in an FED action establishes the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure. *See U.S. Bank Nat'l Ass'n v.*

5

*Freeney*, 266 S.W.3d 623, 625–26 (Tex. App.—Dallas 2008, no pet.) ("The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between appellee and appellant, and that landlord[–]tenant relationship provides a basis for determining the right to immediate possession.").

As the First Court of Appeals explained,

> [a] plaintiff in a forcible[-]detainer action is not required to prove title[] but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. Under well-settled law, a deed of trust that establishes a landlord[–]tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession. . . .
>
> The deed of trust makes [appellant] a tenant at sufferance in the event of foreclosure if she fails to surrender possession of the property. Although [appellant] disputes the propriety of the foreclosure, there is no dispute that HSBC did foreclose and that [appellant] failed to surrender the property. Thus, [appellant] became a tenant at sufferance, and this landlord[–]tenant relationship gives [appellee] a basis for its forcible[-]detainer action independent of its claim to title in the property. The justice court and county court therefore did not need to determine whether HSBC [had] satisfied all conditions precedent to the tenancy-at-sufferance clause or [had] properly executed the foreclosure sale.

*Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 WL 5500487, at *5 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.); *see Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("Because a forcible-detainer action's purpose is not to establish title, a plaintiff bringing a forcible-detainer action 'is not required to prove title[] but is only required to show sufficient evidence of ownership to demonstrate a *superior right to immediate possession*.'" (quoting *Black*, 318 S.W.3d at 417)).

6

The arena to challenge the propriety of a foreclosure is not in an FED suit but in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed. *See Trimble*, 516 S.W.3d at 29 (holding that the validity of the foreclosure sale can be challenged in an adjudication of title because "regardless of the resolution of the forcible-detainer action; parties 'have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of the award of possession of the premises in the forcible[-]detainer action'" (quoting *Black*, 318 S.W.3d at 417)); *Williams*, 315 S.W.3d at 927 ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible[-]detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible[-]detainer action.").

In essence, the division of responsibility between a district court's hearing a title issue and a county court's hearing an appeal of an FED action recognizes that "the legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively." *Rice*, 51 S.W.3d at 710. An FED action serves the role of "a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Id.* at 709. "To preserve the simplicity and speedy nature of the remedy, the applicable rule of civil procedure provides that 'the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated.'" *Id.* (quoting former Tex. R. Civ.

7

P. 746, now replaced by Tex. R. Civ. P. 510.3(e), which provides that "[t]he court must adjudicate the right to actual possession and not title").

## IV. Analysis

**A. Each of the points raised by Appellants is based on a challenge to the Substitute Trustee's Deed by which Appellee claims a superior right to possession of the property. Appellants cannot attack the form of the deed in an FED action.**

The principle that an FED action cannot be used as a vehicle to litigate title issues establishes why Appellants cannot raise the central issue that they relied on below and reurge in this court. The prop of Appellants' arguments is that Appellee "never demonstrated its true entitlement to claim a superior right of possession, offering a substitute trustee['s] deed containing deficient affidavits that were really no affidavits at all." The affidavits that Appellants attack are attached to the Substitute Trustee's Deed. An attack on the form of affidavits attached to a substitute trustee's deed raises an issue of title that cannot be litigated in an FED suit.

This court has previously dealt with a claim "that the deed tendered to the court by Freddie Mac was insufficient to support a prima facie claim of title" because "the affidavit [did] not state that it was based on the affiant's unqualified personal knowledge." *See Couch v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00261-CV, 2011 WL 1103684, at *2 (Tex. App.—Fort Worth Mar. 24, 2011, no pet.) (mem. op.) (citing Tex. Prop. Code Ann. § 51.002(e) (requiring the affidavit to be made by "a person knowledgeable of the facts")). We held that a challenge to an affidavit attached to a

8

substitute trustee's deed is not properly raised in an FED suit and marshaled the precedent from this and other courts to support that proposition:

> We have recently held that the challenge to the sufficiency of the affidavit is an attack on the validity of the foreclosure and sale of the property, which cannot be raised in a forcible[-]detainer case. *See Fleming v. Fannie Mae*, No. 02-09-00045-CV, 2010 WL 4812983, at *4 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.); *see also Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *3 (Tex. App.—Austin Jan. 6, 2011, no pet. []) (mem. op.) (overruling same argument); *Shutter v. Wells Fargo Bank N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *Williams*, 315 S.W.3d at 927 (same).

*Id.* Appellants do not cite *Couch*, nor do they offer any challenge to the basis of its holding. Thus, we apply *Couch* and hold that Appellants' challenge to the form of the affidavits attached to the Substitute Trustee's Deed may not be litigated in this FED suit, collapsing the argument that is the prop for each of Appellants' points on appeal.

**1.  The claim that the Substitute Trustee's Deed lacked an appropriate affidavit is not so intertwined with the right to possession that the trial court lacked jurisdiction to hear the FED action.**

Appellants try to avoid the impact of the holding in *Couch* by citing us to our decision in *A Plus Investments, Inc. v. Rushton* and its holding that if an issue of title is sufficiently intertwined with the issue of possession, a court hearing an FED suit lacks jurisdiction to resolve the question of possession. No. 02-03-00174-CV, 2004 WL 868866, at *2–3 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.). *A Plus* dealt with a situation in which a home-equity lender obtained an order permitting foreclosure; but the foreclosure was conducted by another party, and nothing in the

record showed that party had obtained an order permitting it to foreclose. *Id.* We concluded that this "failure to connect the dots [was] fatal to A Plus's case" and that the issue of title and the immediate right to possession were so intertwined that the county court lacked jurisdiction to hear the FED suit. *Id.*

As we noted above, this court and others have held that an alleged defect in an affidavit attached to a substitute trustee's deed should not be heard in an FED action. The implication is that this issue is not so intertwined with title that a county court hearing an FED appeal lacks jurisdiction when the occupant of the property claims a substitute trustee's deed contains a defective affidavit.

Other courts are more explicit in limiting the holding of *A Plus*. As set forth above, the question of a superior right to possession is usually resolved with proof of a foreclosure of a deed of trust that provides that after foreclosure, the former owner and now occupant of the property is a tenant at sufferance. *See Rice*, 51 S.W.3d at 710–13 (summarizing case law discussing how superior right to possession is created by foreclosure of deed of trust making property occupants tenants at sufferance); *see also Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.) ("Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property.").

Without stating a blanket rule, it appears that this superior right is demonstrated when a substitute trustee's deed passes title to an FED plaintiff with proof that a deed of trust created a tenant-at-sufferance relationship with the former property occupant upon foreclosure. *See Rice*, 51 S.W.3d at 711–12; *see also Reardean*, 2013 WL 4487523, at \*3. A challenge to the form of the trustee's deed does not forestall a claim of superior title. *See Kaldis v. Aurora Loan Servs.*, No. 01-09-00270-CV, 2010 WL 2545614, at \*3 (Tex. App.—Houston [1st Dist.] June 24, 2010, pet. dism'd w.o.j.) (mem. op.) (holding that whether substitute trustee's deed was "void" or "deficient" or whether there was a "gap in the chain of title/ownership" was outside of the scope of the forcible-detainer action). Indeed, *A Plus* dealt with a title issue that was of a different order of magnitude than a challenge to the form of the substitute trustee's deed. The issue in *A Plus* was not one in which the substitute trustee's deed might be challenged because of a defect in form but instead dealt with a lack of statutory authority to foreclose that created a question about whether the party filing the FED action held any right to possession at all. 2004 WL 868866, at \*2.[2]

---

[2]This court stated in *A Plus*,

Therefore, in order for CitiFinancial to have the right to foreclose on the [appellee's] home, it would have needed to obtain an order from the district court.

In this case, however, Associates was the only entity that obtained such an order. Simply put, the requirements of the Texas [c]onstitution, which were also part of this home equity security instrument, were disregarded. *See* Tex. Const. art. XVI[,] § 50(a)(6)(D). Absent the right

11

The point that Appellants raise does not present the same fundamental issue of whether the party filing an FED suit has even a semblance of title to support its right to possession and thus, did not involve an issue so intertwined with the question of title that the county court at law lacked jurisdiction to hear the FED action.

**2. The challenge that Appellants raise to the form of the Substitute Trustee's Deed would not automatically void the foreclosure sale.**

As we interpret Appellants' argument, they attack the affidavits by claiming that the affiants qualified the basis of their personal knowledge when they stated that it was "to the best" of their knowledge. Thus, Appellants challenge whether there is adequate proof that they were given the notices required by Subsections 51.002(b) and (d) of the Property Code. *See* Tex. Prop. Code Ann. § 51.002(b) (requiring posting and sending notice of sale), § 51.002(d) (requiring sending notice of default and opportunity to cure). Appellants' challenge is not to the fact of notice but whether the affidavits conformed to Subsection (e) of Section 51.002 that states when service of a notice is complete and that an affidavit may be used as prima facie proof of service. *See id.* § 51.002(e) ("Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person

---

to foreclose, CitiFinancial could not transfer ownership of the property to A Plus. *See id.*

2004 WL 868866, at *2.

12

knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.").

Even if the affidavits were flawed, that does not automatically make the foreclosure wrongful. If Appellants had filed a wrongful-foreclosure action, Appellee would not have had to rely solely on the affidavits that established prima facie proof under Section 51.002(e) and could have established that notice was sent by offering proof beyond the statements in the affidavits attached to the Substitute Trustee's Deed. *See Covarrubias v. U.S. Bank, N.A.*, No. 3:13-CV-3002-B, 2015 WL 221083, at *8 (N.D. Tex. Jan. 15, 2015) (mem. op. & order) (holding that summary-judgment proof established sending of notices pursuant to Subsections 51.002(b) and (d)); *Thompson v. Bank of Am., N.A.*, 13 F. Supp. 3d 636, 645–46 (N.D. Tex. 2014) (mem. op. & order) (holding that notice was sent in accordance with the Texas Property Code when a defendant moving for summary judgment had relied on an affidavit describing when notices were sent and citing to documents containing a receipt-for-certified-mail form), *aff'd*, 783 F.3d 1022 (5th Cir. 2015); *Alanis v. US Bank Nat'l Ass'n*, 489 S.W.3d 485, 501–02 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (holding that evidence presented at trial on suit to set aside foreclosure by loan servicer showed service of notices of default required by Section 51.002(d)).

Appellants also cite us to *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139–40 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). The relevance of

*Sauceda* is unclear. That case did not involve a defect in an affidavit but rather the effect of a failure to serve a valid notice. As the Fifth Circuit explained,

> In interpreting Section 51.002(e), Texas courts have recognized that the dispositive inquiry "is not *receipt* of notice, but, rather, *service* of notice." For that reason, they have held there to be no genuine dispute as to the sending of notices required under Section 51.002 when the sole contravening evidence is the homeowner's affidavit asserting non-receipt. *Adebo [v. Litton Loan Servicing, L.P.*, No. 01-07-00708-CV], 2008 WL 2209703, at *4 [(Tex. App.—Houston [1st Dist.] 2008, no pet.) (mem. op.)]. LSR points out that in *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 140 (Tex. App.—Corpus Christi[–Edinburg] 2008, no pet.), the court held that the homeowner's testimony of non-receipt created a fact issue as to whether he was served with the statutorily required notice. Unlike here and in *Adebo*, however, in *Sauceda* the mortgage servicer provided no supporting documentation showing that it had served notice.

*LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534–35 (5th Cir. 2016) (footnotes omitted).

## B. Resolution of Appellants' points

The fact that each of Appellants' points turns on a question of title demonstrates the overall invalidity of those points. But for the sake of thoroughness, we will address each point separately.

### 1. First Point—Lack of Notice to Vacate

In their first point, Appellants argue that "there was not a statutorily sufficient pre-suit demand for possession to support Appellee's claims." Appellants correctly cite the governing statute for an FED action that specifies a demand for possession "must be made in writing by a person entitled to possession of the property and must

14

comply with the requirements for notice to vacate under Section 24.005." *See* Tex. Prop. Code Ann. § 24.002(b). In turn, the basic requirements for a notice to vacate to a tenant at sufferance (such as Appellants became after the foreclosure on the subject property) are as follows: "If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible[-]detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *See id.* § 24.005(b).

Appellants' argument has as its basis an attack on the affidavits attached to the Substitute Trustee's Deed, and they make no challenge to the form or timing of the notice to vacate.[3] Indeed, the evidence establishes that the notices were sent to both Appellants by a law firm on Appellee's behalf, and the notices stated,

> This firm represents [Appellee] (the "Owner"). Our client owns the above-referenced Property, which you are occupying. The Property was sold to the Owner on December 5, 2017, at a Trustee's Sale (foreclosure) held on that date. You are now a tenant at sufferance pursuant to the terms of the Deed of Trust that was foreclosed. This letter constitutes notice from the Owner that you are required to **VACATE THE PROPERTY** and to remove all of your personal belongings within three (3) days of the date this letter is delivered. If you fail to comply with this demand[] and do not vacate the Property by the 4th day from the date this letter is delivered to the Property, we may, at our option, file suit against you for actual damages, attorney fees[,] and costs of court. No further notice shall be given.

---

[3]Appellants state their basis for the challenge to the presuit demand as follows: "[Appellee] should not have been allowed to proceed with its case, and its defective presuit demand should be deemed to have been made by a person without authority to make such demands, until good title sufficient to support [Appellee's] claim is demonstrated . . . ." [Footnote omitted.]

15

Appellants identify no deficiency in the notice, and we see none.[4] We overrule

Appellants' first point.

### 2. Second Point—Lack of Standing

In their second point, Appellants couch the basis of their claim that Appellee

lacked standing as follows:

> *[Appellee's] original petition, and the predicate notice demanding possession, [was] made on the basis of a substitute trustee's deed that is not entitled to be treated as* prima facie *evidence of a conveyance[, see] TEX. PROP. CODE § 51.002(e), because such deed (Exhibit 1) not only does* <u>not</u> *contain affidavits of persons with knowledge of the relevant facts[] but [also] contains (non)affidavits of persons who plainly do not have knowledge of the relevant facts as to compliance with TEX. PROP. CODE § 51.002(d), and thus neither is entitled to the presumption provided by the referenced statute.* Thus, [Appellee] never demonstrated standing, on the face of the public record or to the trial court, to claim title to the real property in question or that it had evidence of authority to make the statutorily required pre-suit demand for possession. Such failure required abatement or dismissal of the case under the standard articulated by this Court in *A[]Plus Investments v. Rushton*, 2004 Tex. App.

---

[4]Appellants also make an indecipherable argument that we construe as a challenge to the method of service of the affidavit proving up the notices. Relying on Texas Rule of Civil Procedure 21(a)(1), Appellants contend that the affidavit was improperly served because Appellee's counsel physically handed it to Appellants' counsel rather than serving it electronically. Appellants' counsel admitted that he had "received a copy by hand . . . two weeks to the day [of the hearing] or maybe one day more." The trial court did not abuse its discretion by admitting evidence that Appellants' counsel had admitted that the affidavit was placed in his hand by the other lawyer, and even if it did so, that error caused no harm. *See Mitchell v. Wilmington Sav. Funds Soc., FSB*, No. 02-18-00089-CV, 2019 WL 150262, at *4 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (mem. op.) ("We review a trial court's evidentiary rulings for an abuse of discretion." (citing *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015))); Tex. R. App. P. 44.1(a)(1) (setting forth the standard for reversible error and stating that "[n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment").

LEXIS 3605 **6–7 (Tex. App.—Fort Worth 2004).  [Emphasis added.] [Footnotes omitted.]

Appellants' argument is a recasting of the claim that the Substitute Trustee's Deed through which Appellee claims title has defective affidavits that makes it potentially defective.  We have explained in detail why such a claim does not create a title issue so inextricably intertwined with the right to possession that the trial court lacked jurisdiction to hear the FED suit nor does it demonstrate that Appellee lacked a superior right to immediate possession.  We overrule Appellants' second point.

### 3.  Third Point—Substitute Trustee's Deed not entitled to presumption of validity

In the third rehash of their same complaint, Appellants argue that

[t]he Substitute Trustee's Deed is not entitled to any presumption of regularity or validity[] when it is insufficiently supported by defective affidavits [that] claim insufficient personal knowledge.  Since proper affidavits would mean that the substitute trustee's deed would be entitled to be treated as *prima facie* evidence of compliance, inadequate affidavits should mean that the deed should not be adequate evidence on which to base a claim of superior right to possession, just as it would be insufficient to support validity of the sale in title litigation.

To briefly rehash why this argument fails, the attack on the form of the affidavits did not prevent Appellee from claiming a superior right to possession and appears unfounded from a factual standpoint.  We overrule Appellants' third point.

### 4.  Fourth Point—Lack of privity and challenge to Appellee's right to rely on Tenancy-at-Sufferance term of Deed of Trust

In their final point, Appellants present a different argument.  It appears that their first argument under their fourth point is that there is no connection between

17

the noteholder listed in the Deed of Trust and the holder identified in the Substitute Trustee's Deed. We glean this argument from the statement in their brief—that "absent proof of connection of the ownership of the lien of the Deed of Trust to the trustee granting the Substitute Trustee's Deed (which would require *prima facie* evidentiary status for the deed), then [Appellee] had no standing"—in combination with a footnote dropped in parallel with this statement that "Reporter's Record Volume 3, Plaintiff's Exhibit 2, bottom of first page and top of the second, Everett Financial, Inc. d/b/a Supreme Lending is identified as the Lender." The footnote correctly identifies the lender listed in the Deed of Trust.

The fact that the lender in the Deed of Trust does not match the holder identified in the Substitute Trustee's Deed again presents a question of title not resolvable in an FED action and does not undermine the showing of superior right to possession accorded Appellee because it was the grantee in the Substitute Trustee's Deed. *See Deubler v. Bank of NY Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding that party was not required to present evidence establishing connection between deed of trust and substitute trustee's deed to establish superior right to possession).

Finally, Appellants argue that Appellee failed to establish that they had refused to vacate the subject property. That they have filed this appeal is evidence of their refusal to surrender possession.

Almost an aside, in the last sentence of their fourth point, Appellants state that "[Appellee's] evidence never attempted to establish in any fashion that the real property in question was still occupied by [Appellants] after demand for possession (irrespective of the deficiencies of the notice and demand or inadmissibility of [Appellee's] Exhibit 3 due to lack of proper service)."

Yet, Appellants describe the background of this appeal as follows:

Appellee Cerberus filed its original petition for forcible[-]detainer in the Justice Court, Precinct 7, of Tarrant County, Texas. [Appellants] filed their pleas in abatement and to jurisdiction, and answer subject to such pleas in the Justice Court, Precinct 7, on September 5, 2018[,] but such does not appear to be a part of the County Clerk's record for reasons unknown to [Appellants]. Such pleas were heard before consideration of the case in chief by the County Court at Law Number One of Tarrant County, Texas, where they were heard de novo before the latter court, a jury not having been demanded by either party. [Footnotes omitted.]

The record in the proceedings below is described as "JP APPEAL – FORCIBLE DETAINER."

Though we have not been provided a complete record, it is apparent that the purpose of the appeal to the county court at law was for Appellants to maintain possession of the subject property. The simple fact that Appellants appealed a judgment depriving them of possession is some evidence that they were in possession of the property at the time of the trial and had refused to vacate it as demanded by Appellee. *See Martin v. Fed. Nat'l Mortg. Ass'n*, No. 05-13-00648-CV, 2014 WL 3057389, at *5 (Tex. App.—Dallas July 7, 2014, no pet.) (mem. op.) ("Finally, we note that [appellants'] appeal of the trial court's judgment awarding Fannie Mae possession

19

of the Property may be some evidence that [appellants] have remained in possession of the Property."). We overrule Appellants' fourth point.

## V. Conclusion

Having overruled Appellants' four points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: November 14, 2019