# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00776-CV

### In re 705 Sunrise, LLC

## ORIGINAL PROCEEDING FROM LLANO COUNTY

## M E M O R A N D U M   O P I N I O N

Relator 705 Sunrise, LLC seeks mandamus relief from the county court's abatement of a forcible detainer proceeding on appeal in the county court. Before commencement of the trial de novo, the county court abated the underlying proceeding pending the full and final resolution of a separate title dispute against Relator filed in the district court. In this original proceeding, Relator seeks a writ of mandamus directing the trial judge to vacate the order of abatement to allow the parties to proceed to trial de novo on the forcible detainer action before the county court at law. Because we determine that the issue of possession is not inextricably intertwined with the title dispute, we conditionally grant the writ.

## BACKGROUND

Real party in interest Carleen Pengg filed for divorce from her husband, Georg Pengg, in August 2023 after twenty years of marriage, during which the couple acquired several properties. The real property located at 707 Sunrise Avenue in Sunrise Beach Village, Texas is the property at issue in this suit. That property was owned by Lake LBJ Boutique Resort & Marina, LLC (LBJ Marina), a company for which Georg and Carleen are the sole

members. In 2015, Georg, as a representative of LBJ Marina, executed a deed of trust securing a note on 707 Sunrise Avenue and other properties. The deed of trust provides:

> In the event that there be a trustee's sale hereunder, and, if at the time of such sale, Grantor, or Grantor's heirs, personal representatives, successors or assigns, is or are occupying the Mortgaged Property so sold, each and all shall immediately surrender and deliver possession of the Mortgaged Property so sold to the purchaser at such sale, and in the event of their failure to do so, they shall thereupon become the tenant of the purchaser at such sale, which tenancy shall be a tenancy at sufferance, terminable at the will of such purchaser as landlord . . . . An action of forcible entry and detainer and any other legal proceedings may be brought by any purchaser if the tenant holds over after a demand in writing for possession of any of the Mortgaged Property and this Deed of Trust and the trustee's deed delivered at such sale shall constitute the lease and agreement under which any such tenant's possession arose.

Carleen states in her brief that while she was separated from Georg and living in Florida, Georg intentionally defaulted on the note securing financing for 707 Sunrise Avenue and concealed the default and foreclosure proceedings from her so she had no opportunity to protect her interests. In the divorce proceeding and title suit pending in the district court, she argues that he did so despite being able to afford the payments, then orchestrated the foreclosure so that the couple's properties, then held by LBJ Marina, would be sold to Relator for the amount left on the note (around $1.3M to $1.4M). She alleges Georg struck a deal with Relator that would allow him to repurchase the property (allegedly valued at $6M) for about double the amount for which it was sold. In her live divorce petition, Carleen has asserted causes of action for wrongful foreclosure, fraud, constructive fraud, conversion, conspiracy, intentional infliction of emotional distress, and wrongful eviction against Relator, who is a third-party respondent in the divorce suit, all premised on objections to what she alleges was a fraudulent, invalid, or void foreclosure sale.

On April 3, 2025, Relator filed a forcible detainer action in Justice Court One, Llano County, to evict Carleen from 707 Sunrise Avenue (no similar action is pending for

2

Georg). The trial court dismissed the forcible detainer action for lack of jurisdiction based on the title dispute and possibly void foreclosure. Relator appealed de novo to the County Court of Llano County. About a week after a brief status hearing, the county court entered an apparently erroneous final judgment, which referred to a hearing on July 9, 2025, that undisputedly never occurred; the erroneous judgment awarded possession of 707 Sunrise to "708 Sunrise LLC," a nonexistent entity. Carleen moved to vacate the final judgment, and Relator agreed that the judgment should be vacated and the case should proceed to a hearing on the merits. Along with her motion, Carleen submitted for consideration a multiple-choice order that provided options for granting the motion to vacate and proceeding to trial, granting the motion to vacate and abating pending resolution of the district court dispute, and denying the motion to vacate. On August 11, 2025, the county court granted the motion to vacate and abated the case pending resolution of the property dispute in district court. Relator moved to reconsider and lift the abatement. The county court denied the motion because "the matter is involved in title disputes of the 33rd District Court of Llano County, Texas, Cause No. 22849 affecting the same property that is the subject to the forcible detainer."

## ANALYSIS

**Standard of Review**

Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abatement order may be reviewed on mandamus when the abatement is indefinite in duration or it effectively vitiates a party's

3

ability to present a claim or defense. *See In re Shulman*, 544 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). An adequate remedy by appeal does not exist when the plaintiff is effectively denied any other method of challenging the court's action for an indefinite period of time during which the cause of action remains in a suspended state. *In re Immobiliere Jeuness Establissement*, 422 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2014, orig. proceeding). A trial court has no discretion in determining what the law is and applying it to the facts, and a trial court abuses its discretion if it fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

**Forcible Detainer**

A forcible detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person "is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease." Tex. Prop. Code § 24.002(a)(2); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915–16 (Tex. 2013). It provides a mechanism to determine the right to immediate possession of real property where there is no unlawful entry. *Adams v. Godhania*, No. 03-18-00371-CV, 2019 WL 2293572, at *2 (Tex. App.—Austin May 30, 2019, pet. denied) (mem. op.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Williams* 315 S.W.3d at 926–27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). To prevail in a forcible detainer action, a party need show only sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice v. Pinney*,

51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title.").

Jurisdiction over forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.10(c). Forcible detainer actions are cumulative of any other remedy a party may have in the courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "In most disputes, the right to title can be determined separately from the right to immediate possession, and the legislature has expressly established a system designed to decide the two issues separately." *Roark v. Rice Capital, LLC Series 20*, No. 03-22-00514-CV, 2024 WL 2429408 at *1 (Tex. App.—Austin May 24, 2024, no pet.) (mem. op.) (citing *Rice*, 51 S.W.3d at 709–10; *see Sissom v. Equity Tr. Co. FBO 200186851 IRA*, No. 03-20-00154-CV, 2021 WL 3148871 at *2 (Tex. App.—Austin July 27, 2021, no pet.) (mem. op.) ("[C]hallenges to the title, or to the foreclosure process, must be pursued, if at all, in a separate suit."). "Matters relating to possession may even overlap in the two proceedings without affecting a county court's jurisdiction to determine immediate possession because 'a judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question.'" *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.)). Only when a question of title is so intertwined with the issue of possession as to preclude adjudication of the right to possession without first determining title

5

will the county court be deprived of jurisdiction to determine the right to immediate possession. *In re Gallegos*, No. 13-13-00504-CV, 2013 WL 6056666, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.); *see, e.g.*, *Riley v. Deanda*, 706 S.W.3d 578, 582–83 (Tex. App.—Houston [1st Dist.] 2024, no pet.) ("a defendant's assertion of an adverse possession claim that is not defective on its face is one circumstance in which a title dispute is inextricably intertwined with the right to immediate possession"); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 282–83 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (collecting cases on intertwinement of title and possession issues and concluding that because defendants contended "the deed of trust and resulting substitute trustee's deed are void due to forgery, they have raised a genuine issue of title so intertwined with the issue of possession as to preclude jurisdiction in the justice court"); *Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (intertwined title issue when the parties disputed whether a landlord-tenant or buyer-seller relationship existed because defendants asserted they had fully performed oral contract for deed thereby raising a claim of equitable title).

Carleen does not challenge the validity of the 2015 deed of trust, the terms of which created a landlord and tenant-at-sufferance relationship between the purchaser and any "Grantor, or Grantor's heirs, personal representatives, successors or assigns" occupying the property in the event of foreclosure. She instead argues that the county court correctly abated and that the issue of possession is intertwined with a title dispute because Relator conspired with her husband and others to deprive her of community property through a fraudulent foreclosure that she alleges was void ab initio. She also alleges defects relating to the foreclosure process based on there having been multiple substitute trustees, such that there are questions about who

6

had authority to conduct the sale. She further alleges that the foreclosure sale never actually occurred, and thus, the sale was void.

Where, as here, a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd); *Adams*, 2019 WL 2293572, at *2, *3 (explaining that appellants became tenants at sufferance under terms of deed they executed when they defaulted on their payments and that when foreclosure under deed of trust established landlord and tenant-at-sufferance relationship, there was basis for determining issue of immediate possession without resolving any title dispute). This Court has consistently held that "defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession." *Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.); *see Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (rejecting attempt to use title dispute to defend against purchaser's right to possession in forcible-detainer action). "Arguments concerning defects in the foreclosure process or with title to the property 'may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant' in forcible-detainer actions." *Wilson v. Ditech Fin., LLC*, No. 03-21-00100-CV, 2022 WL 2135774, at *2 (Tex. App.—Austin June 15, 2022, no pet.) (mem. op.) (citing *Williams*, 315 S.W.3d at 927). Based on these precedents, we conclude that Carleen's complaints about defects in the foreclosure process do not implicate questions of title

7

that must be decided prior to the issue of possession. *See Wilson*, 2022 WL 2135774, at \*1–2 (Tex. App.—Austin June 15, 2022, no pet.) (mem. op.) (failure to give notice of default and of intent to accelerate were defects in foreclosure process that may not be considered in a forcible detainer action).

## CONCLUSION

Having reviewed the cases cited by both parties, we conclude that the question of immediate possession does not, on this record, necessarily require a determination of title. *See Rice*, 51 S.W.3d at 709. We therefore hold that the county court abused its discretion in abating this case until the title issues were resolved by the district court in a separate lawsuit. We conditionally grant mandamus relief and direct the county court vacate its abatement order so that it can proceed to a trial on the merits. The writ will issue only if the county court does not take action in accordance with this opinion.

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Filed: December 12, 2025